**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No.:


IMPORT FRESH DIRECT, LLC

      Plaintiff,

v.

PREMIER TRADING, LLC, d/b/a  ALLIANCE WHOLESALE,
DIRECT LINE TRANSPORTATION, LLC,
WILLIAM VOGEL, and
ANTHONY FILPI,

      Defendants.

---

## COMPLAINT

---


Plaintiff IMPORT FRESH DIRECT, LLC, ("Plaintiff"), by counsel Compres + McCaffery, P.A., for its Complaint against Defendants PREMIER TRADING, LLC d/b/a ALLIANCE WHOLESALE ("Premier"), DIRECT LINE TRANSPORTATION, LLC ("Direct Line"), WILLIAM VOGEL ("Vogel"), and ANTHONY FILPI ("Filpi") (collectively, "Defendants") states and alleges as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction on this case pursuant to Section 5(c)(5) of the Perishable Agricultural Commodities Act, 1930 ("PACA"), 7 U.S.C. § 499e(c)(5), and 28 U.S.C. § 1331.

2.      Venue is proper pursuant to 28 U.S.C. § 1391(a) because all Defendants reside in the District of Colorado, and 28 U.S.C. § 1391(b) because a significant portion of the events giving rise to the allegations and causes of action contained herein occurred in the District of Colorado.

**PARTIES**

3.      Plaintiff is an Indiana limited liability company, which does business out of Southlake, TX. Plaintiff is a "dealer," as defined by PACA and the regulations promulgated by the United States Department of Agriculture ("USDA"), in perishable agricultural commodities and is licensed by the USDA. Plaintiff's PACA license is attached hereto and incorporated herein as Exhibit A.  At all times relevant to this action Plaintiff was engaged in the business of selling and shipping perishable agricultural commodities, as defined and protected by PACA, in interstate commerce.

4.      Defendant Premier is a Colorado limited liability company with its principal place of business in Greenwood Village, Colorado.  Premier also uses the trade name "Alliance Wholesale."  At all relevant times to this action, Premier was engaged in the business of buying and selling wholesale quantities of fresh commodities in interstate commerce, and was a "dealer" (as defined by PACA), was subject to the provisions of PACA, and was licensed by the USDA under PACA. Premier's PACA license is attached hereto and incorporated herein as Exhibit B. The only principals of Premier are Vogel and Filpi, as addressed below.

5.      Defendant Direct Line is a Colorado limited liability company with its principal place of business in Greenwood Village, Colorado.  Direct Line operates out of the same office space as Premier.  Direct Line shares employees with Premier, including bookkeepers and

accountants.  Direct Line shares telephone lines with Premier.  Direct Line shares officers and directors, specifically Vogel and Filpi, with Premier.  Direct Line was incorporated on July 29, 2011.  Direct Line comingles assets with Premier.

6.     Upon information and belief, Defendant Vogel is a resident of the state of Colorado.  At all times relevant to this action, Vogel has identified himself to the USDA as a principal of Premier. Vogel is an officer and director of Premier and was in a position to control PACA trust assets.  Vogel, in conjunction with Filpi, directed the day-to-day operations of Premier.  In doing the acts and omissions hereinafter mentioned, Vogel was acting within the scope of his authority as an agent, servant, employee or alter ego of Premier, and acted with the knowledge, permission, consent and ratification of Premier.  Vogel is also an officer and director of Direct Line.  Vogel, in conjunction with Filpi, directed the day-to-day operations of Direct Line.

7.     Upon information and belief, Defendant Filpi is a resident of the state of Colorado.  At all times relevant to this action, Filpi had identified himself to the USDA as a principal of Premier. Filpi was an officer and director of Premier and was in a position to control PACA trust assets.  In doing the acts and omissions hereinafter mentioned, Filpi was acting within the scope of his authority as an agent, servant, employee or alter ego of Premier, and acted with the knowledge, permission, consent and ratification of Premier. Filpi is also an officer and director of Direct Line. Filpi, in conjunction with Vogel, directed the day-to-day operations of Direct Line.

8.     All conditions precedent to the bringing of this action and the relief sought herein have been performed, occurred, or have been waived.

## GENERAL ALLEGATIONS

9.      This action is brought to enforce violations of the trust provisions of PACA, 7

U.S.C. § 499e(c), the general provisions of liability for violations of Section 2 of PACA, 7

U.S.C. § 499b, and the regulations applying to PACA, 7 C.F.R. §46.

10.     In October and November of 2013, in a series of interstate commerce transactions,

Plaintiff sold and delivered perishable agricultural commodities (hereinafter "commodities") to

Premier.

11.     Plaintiff and Premier had executed a Credit Application that allows for the

recovery of costs and attorney's fees. The Credit Application is attached hereto and incorporated

herein as Exhibit C.

**I.   Delivery and Acceptance of Perishable Agricultural Commodities**

12.     Specifically, Plaintiff sold the following commodities to Premier on credit:

   a.  Invoice 1013, $7,504.00 worth of Limes on October 14, 2013;

   b.  Invoice 1021-23, $16,480.00 worth of Hass Avocados on October 14,

       2013;

   c.  Invoice 1025, $15,145.00 worth of Hass Avocados on October 21, 2013;

   d.  Invoice 1026, $10,009.00 worth of Limes on October 28, 2013;

   e.  Invoice 1027, $1,130.50 worth of Limes on October 28, 2013;

   f.  Invoice 1028, $845.50 worth of Limes on October 29, 2013;

   g.  Invoice 1029, $38,720.00 worth of Hass Avocados on November 1, 2013;

   h.  Invoice 1030, $55,565.00 worth of Hass Avocados on October 31, 2013;

   i.  Invoice 1047, $13,230.00 worth of Limes on November 4, 2013.

13.     The commodities listed in the preceding paragraph represent all of the commodities sold by Plaintiff to Premier. All of the invoices related to these commodities are attached and incorporated herein as composite Exhibit D.

14.     The total amount of the commodities Plaintiff sold to Premier is $158,628.50

15.     Both Limes and Hass Avocados are "Perishable Agricultural Commodities" as defined by PACA.

16.     Upon delivery, Premier inspected and accepted the commodities and has since disposed of the commodities by resale or other means.

## II.  Creation of the PACA Trust

17.     Pursuant to the trust provisions of PACA, 7 U.S.C. §499e(c) and the regulations promulgated thereunder, upon acceptance of the Plaintiff's commodities, a PACA statutory trust was automatically created, with the Premier as the statutory trustee and the Plaintiff as a beneficiary.

## III. Preservation of PACA Trust Benefits

18.     Pursuant to PACA and the regulations promulgated under it, Plaintiff placed the required statutory language on every invoice that Plaintiff sent to Premier, which preserves Plaintiff's rights in the PACA trust.

19.     Plaintiff has performed and fulfilled all duties required to preserve its PACA trust benefits.

## IV. Premier Failed to Make Full Payment Promptly

20.     Premier failed to make full payment promptly for the following transactions:

a.   Invoice 1021-23 was due on October 29, 2013.  Premier paid a portion of the monies due, $2,800.00, on December 12, 2013, 44 days late.

b.   Invoice 1025 was due on November 5, 2013.  Premier paid the entire amount due on November 19, 2013, 14 days late.

c.   Invoice 1026 was due on November 12, 2013.  Premier paid the entire amount due on December 12, 2013, 30 days late.

d.   Invoice 1027 was due on November 12, 2013.  Premier paid the entire amount due on December 12, 2013, 30 days late.

e.   Invoice 1028 was due on November 13, 2013.  Premier paid the entire amount due on December 12, 2013, 29 days late.

f.   Invoice 1029 was due on November 16, 2013.  Premier paid the entire amount due on November 22, 2013, 3 days late.

g.   Invoice 1030 was due on November 16, 2013.  Premier paid a portion of the monies due, $360.00, on December 12, 2013, 30 days late.  The balance remains outstanding.

h.   Invoice 1047 was due on November 16, 2013.  Premier paid a portion of the monies due, $11,970.00, on December 20, 2013, 31 days late.  The balance remains outstanding.

21.   Premier still owes $55, 565.00 against Invoice 1030, Hass Avocados sold on October 31, 2013, as reflected in composite Exhibit D.  Payment was due on November 16, 2013.

22.     Premier still owes $1,260.00 against the Invoice 1047, Limes sold on November 4, 2013, as reflected in composite Exhibit D.  Payment was due on November 19, 2013.

23.     In extensive email and telephone communications with Plaintiff, Premier, Vogel and Filpi have never disputed that Premier owes a balance to Plaintiff of $56,825.00 or that Premier was late in its payments.

## V.  Dissipation of PACA Trust Assets

24.     In email and telephone communications with the Plaintiff during December 2013, Premier and Vogel stated they did not have enough money on hand to pay Plaintiff and intended not to pay Plaintiff.

25.     Accordingly, based on information and belief, Premier lacks sufficient funds to pay the monies owed Plaintiff, and Premier, Vogel and Filpi will continue to dissipate PACA trust funds held on Plaintiff's behalf.

## VI. Breaches of Fiduciary Duty

26.     Premier has breached its fiduciary duty to Plaintiff by failing to maintain the PACA trust properly, dissipating the trust, and failing to pay Plaintiff promptly.

27.     Vogel and Filpi are each officers, directors, and principals of Premier; both have the authority to bind Premier legally, and controlled the day-to-day operations of the company.

28.     Vogel and Filpi are each in a position to control PACA trust assets, and as a consequence, have fiduciary duties to Plaintiff regarding the PACA trust.

29.     Vogel and Filpi each played a significant role in causing the violation of the PACA trust, by failing to maintain the trust properly, dissipating the trust, and failing to make full payment promptly out of the trust.

### VII.    Plaintiff's Demand

30.     Plaintiff sent Premier, Vogel and Filpi a demand letter on January 22, 2014, demanding full and immediate payment, which informed Defendants that if full payment was not received, Plaintiff would be forced to pursue formal legal action and seek the entire outstanding amount, including interest and attorney's fees.

31.     Plaintiff, by and through counsel, made efforts to contact Premier, Vogel, and Filpi, all of which were unsuccessful.

### VIII.   Premier and Direct Line Commingle Assets

32.     Direct Line is a trucking transportation company.

33.     Direct Line operates out of the same office space as Premier, shares employees with Premier, including bookkeepers and accountants, shares telephone lines with Premier, and shares officers and directors, specifically Vogel and Filpi, with Premier.

34.     Vogel controls both Premier and Direct Line.

35.     Direct Line comingles assets with Premier.

36.     Direct Line has received assets belonging to the PACA trust, or benefits paid for by PACA trust assets.

### IX. Attorneys Fees and Costs

37.     As a result of Defendants actions, Plaintiff has been required to pay attorney's fees and costs in order to bring this action to force Defendants to comply with their statutory duties under the PACA, and upon information and belief, will incur additional costs and fees.

## FIRST CAUSE OF ACTION

### Violation of 7 U.S.C. § 449b(4) - Failure to Make Full Payment Promptly, Against Premier, Vogel, and Filpi

38.     Plaintiff realleges and incorporates by reference paragraphs 1 through 37 inclusive, of this Complaint as though fully set forth in this paragraph 38.

39.     PACA, 7 U.S.C. § 449b(4), states "It shall be unlawful in or in connection with any transaction in interstate or foreign commerce...for any commission merchant, dealer, or broker to ... fail or refuse to truly and correctly account and make full payment promptly."

40.     7 C.F.R. 46.2(aa)(5) defines "full payment promptly" as, "Payment for commodities purchased by a buyer, within 10 days after the day on which the commodities is accepted," this deadline was permissibly extended to 15 days after the commodities had been accepted, per pre-negotiated terms, as reflected upon the invoices in Exhibit D.

41.     Plaintiff delivered perishable agricultural commodities to Premier, as reflected in the invoices attached hereto as Exhibit D.

42.     Premier received and accepted the commodities, creating the PACA trust.

43.     Vogel and Filpi, each an officer, director, and principal of Premier, are in a position to control trust assets, which creates a fiduciary duty to Plaintiff under PACA.

44.     Defendants have failed to make full payment promptly for the commodities, which is a breach of Defendants fiduciary duties as required by PACA.

45.     As a direct and proximate result of the Defendants' failure to full payment promptly, Plaintiff has suffered the cumulative loss of $56,825.00, plus, as "sums owing in connection with such transactions" the interest which would have been earned on *all* late payments, attorney's fees, and all costs of attempted collection of the transactions, including, but not limited to, costs incurred in bringing this action.

WHEREFORE, Plaintiff prays for relief as follows:

a) for an order requiring Premier, Vogel, and Filpi to immediately account for and pay PACA trust assets to Plaintiff in the sum of $56,825.00; and

b) for an order requiring Premier, Vogel, and Filpi to pay Plaintiff interest at the maximum rate allowable by law from the date the obligations became due and payable to Plaintiff until fully paid; and

c) for an order requiring Premier, Vogel, and Filpi to pay Plaintiff for its reasonable attorney's fees incurred in collections and in bringing this action; and

d) for an order requiring Premier, Vogel, and Filpi to pay Plaintiff for all costs of attempted collection and all costs incurred in bringing this action; and

e) for such other and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION

**Violation of 7 U.S.C. § 449b(4) - Failure to Maintain and Account for the PACA Trust, Against Premier, Vogel, Filpi and Direct Line**

46.     Plaintiff realleges and incorporates by reference paragraphs 1 through 37, inclusive of this Complaint as though fully set forth in this paragraph 46.

47.     Defendants have failed to maintain and account for the PACA trust assets and keep them available to satisfy Defendants' obligations to Plaintiff in violation of § 499e(c) of PACA, and the affirmative duty set forth in 7 C.F.R. 46.46(d).

48.     Defendants have dissipated PACA trust assets in violation of § 499(b)(4) of PACA and the regulations enforcing PACA trust provisions, 7 C.F.R. §46.46.

49.     Vogel and Filpi, each an officer, director, and principal of Premier, are in a position to control trust assets, which creates a fiduciary duty to Plaintiff under PACA.

50.     During all relevant times, Defendants breached their fiduciary duties by transferring or diverting PACA trust assets and continue to transfer or divert trust assets to their own use and/or to the use of Defendant Direct Line and/or an unknown third party or third parties.

51.     Defendants have not maintained sufficient funds in the PACA trust to honor their fiduciary duties to Plaintiff.

52.     As a direct and proximate result of the Defendants' failure to maintain and account for the PACA trust, Plaintiff has suffered the cumulative loss of $56,825.00, plus, as "sums owing in connection with such transactions," the interest which would have been earned on such monies, attorney's fees, and all costs of attempted collection of the transactions, including costs of this action.

WHEREFORE, Plaintiff prays for relief as follows:

a)  for an order requiring Premier, Vogel, and Filpi to immediately account for and pay PACA trust assets to Plaintiff the sum of $56,825.00; and

b) for an order requiring Premier, Vogel, and Filpi to pay to Plaintiff interest at the maximum rate allowable by law from the date the obligation became due and payable to Plaintiff until fully paid; and

c) for an order requiring Premier, Vogel, and Filpi to pay to Plaintiff reasonable attorney's fees; and

d) for an order requiring Premier, Vogel, and Filpi to pay to Plaintiff all costs of attempted collection and costs incurred in bringing this action; and

e) for an order requiring Direct Line to disgorge any trust funds it received from Premier; and

f) for such other and further relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION

### Breach of Contract Against Premier

53.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 37, inclusive, of this Complaint, as though fully set forth in this paragraph 53.

54.     A contract existed between the parties for Premier to purchase the commodities from Plaintiff, as evidenced by, inter alia: the Credit Application, attached hereto and incorporated herein as Exhibit C; and the invoices attached hereto and incorporated herein as Exhibit D.

55.     Plaintiff performed by delivering the required commodities to Premier and provided Premier with an invoice for payment for each.

56.     Premier accepted delivery for each shipment reflected in the invoices.

57.     However, Premier breached the contract by failing to pay promptly or, in some cases, to pay at all, as follows (the invoices are each attached hereto an incorporated herein as Exhibit D:

    a.   Invoice 1021-23, $16,480.00 worth of Hass Avocados on October 14, 2013 was due on October 29, 2013.  Premier paid on November 22, 2013, 24 days late.

    b.   Invoice 1025, $15,145.00 worth of Hass Avocados on October 21, 2013 was due on November 5, 2013.  Premier paid on December 6, 2013, 31 days late.

    c.   Invoice 1026, $10,009.00 worth of Limes on October 28, 2013 was due on November 12, 2013.  Premier paid on December 12, 2013, 30 days late.

    d.   Invoice 1027, $1,130.50 worth of Limes on October 28, 2013 was due on November 12, 2013.  Premier paid on December 20, 2013, 38 days late.

    e.   Invoice 1028, $845.50 worth of Limes on October 29, 2013 was due on November 13, 2013.  Premier paid on December 20, 2013, 37 days late.

    f.   Invoice 1029, $38,720.00 worth of Hass Avocados on November 1, 2013 was due on November 16, 2013.  Premier paid on December 20, 2013, 34 days late.

    g.   Premier still owes $55,565.00 against Invoice 1030, reflecting Plaintiff's sale of Hass Avocados to Premier on October 31, 2013.  Payment was due on November 16, 2013.

      h.  Premier still owes $1,260.00 against the Invoice 1047, reflecting Plaintiff's sale of Limes to Premier on November 4, 2013.  Payment was due on November 19, 2013.

58.    As a direct and proximate result of Defendants' breach of contract, Plaintiff has suffered losses in the amount of $56,825.00, plus (i) the interest which would have been earned on such monies, (ii) attorney's fees, and (iii) all costs of attempted collection of the transactions, including costs incurred in bringing this action.

59.    Plaintiff has performed all conditions, covenants and obligations required to be performed by it under the agreements for the sale of the commodities to Defendants.

WHEREFORE, Plaintiff prays for relief as follows:

    a)  For an order requiring Premier, Vogel, and Filpi to pay Plaintiff for damages of $56,825.00 plus (i) interest at the maximum rate allowable by law from the date the obligation became due and payable to Plaintiff until fully paid, (ii) reasonable attorney's fees, and (iii) all costs of attempted collection and costs incurred in bringing this action; and

    b)  for such other and further relief as the Court may deem just and proper.

## FOURTH CAUSE OF ACTION

### (For Theft Against All Defendants pursuant to C.R.S. § 18-4-405)

60.    Plaintiff realleges and incorporates by reference paragraphs 1 through 37, inclusive, of this Complaint as though fully set forth in this paragraph 60.

61.     Plaintiff owns a proprietary interest in a PACA trust.  The corpus of the PACA trust is composed of Premier's inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products.  The Plaintiff's proprietary interest in the PACA trust is $56,825.00 plus any other sums owing in connection therewith, (hereinafter "trust funds").

62.     Premier, Vogel, and Filpi knew Plaintiff owned the trust funds, and knew that Plaintiff was a beneficiary of the PACA trust.

63.     The PACA trust imposes fiduciary duties upon Premier, Vogel, and Filpi, who are trustees.  As trustees Premier, Vogel, and Filpi knew they were not permitted to retain Plaintiff's trust funds beyond the date that payment was due, on or about November 16, 2013 (hereinafter the "payment date").

64.     Plaintiff did not authorize any person, nor give permission to any person, including Premier, Vogel, or Filpi, to retain the trust funds beyond the payment date.

65.     In December of 2013, Premier, Vogel, and Filpi knowingly retained control of Plaintiff's trust funds, and refused to return the trust funds to Plaintiff.

66.     Since December of 2013, Premier, Vogel, and Filpi have not responded to Plaintiff's telephone calls and letters, effectively absconding with Plaintiff's trust funds.

67.     Premier, Vogel, and Filpi intended to deprive Plaintiff permanently of Plaintiff's use or benefit in the trust funds.

68.     Premier, Vogel, and Filpi knowingly used or concealed the trust funds in such a manner as to deprive Plaintiff permanently of Plaintiff's use or benefit in the trust funds.

69.     Additionally, Premier, Vogel, and Filpi knowingly disposed of the trust funds by transferring them to other parties, including but not limited to Direct Line.  When Defendants did this, they intended to deprive Plaintiff permanently of Plaintiff's use or benefit in the trust funds.

70.     Additionally, Direct Line, Vogel and Filpi have received the trust funds from Premier.

71.     Direct Line, Vogel and Filpi knew they had no right to receive the trust funds and that the trust funds were stolen.

72.     Direct Line, Vogel and Filpi used the trust funds in such a manner as to deprive Plaintiff permanently of Plaintiff's use or benefit in the trust funds.

73.     Direct Line, Vogel, and Filpi did not receive the trust funds in good faith, and were not good faith purchasers.

74.     As a direct and proximate result of this theft by Defendants, Plaintiff has suffered the cumulative loss of at least $56,825.00, plus interest, costs, and attorney's fees.

WHEREFORE, Plaintiff prays for relief as follows:

a)  For an order of judgment against Defendants, jointly and severally; and

b)  For an order awarding to Plaintiff treble damages, costs, and attorney's fees as provided by C.R.S. § 18-4-405, and interest at the maximum rate allowable by law from the date the obligation became due and payable to Plaintiff until fully paid; and

c)  For an order requiring Direct Line to disgorge any funds it received from Premier; and

d)  for such other and further relief as the Court may deem just and proper.

## FIFTH CAUSE OF ACTION

### (For Unjust Enrichment Against All Defendants)

75.     Plaintiff realleges and incorporates by reference paragraphs 1 through 37, inclusive, of this Complaint as though fully set forth in this paragraph 75.

76.     At Premier's request, Plaintiff provided Premier with commodities the invoices for which are attached hereto and incorporated herein as Exhibit D.

77.     Premier accepted delivery for each shipment reflected in the invoices.

78.     However, Premier failed to pay, as follows:

    a.  Premier has not paid $55,565.00 against Invoice 1030, reflecting Plaintiff's sale of Hass Avocados to Premier on October 31, 2013.

    b.  Premier has not paid $1,260.00 against the Invoice 1047, reflecting Plaintiff's sale of Limes to Premier on November 4, 2013.

79.     Benefits from the Hass Avocados and Limes delivered to Premier were used to enrich Premier, Vogel, Filpi and Direct Line.

80.     Under the circumstances, it is unjust for Defendants to retain the benefit of Plaintiff's $56,825.00 worth of commodities without commensurate compensation.

81.     As a direct and proximate cause and result of Defendants' retention of this benefit at Plaintiff's expense, Plaintiff has suffered the cumulative loss of at least $56,825.00, plus interest, costs, and attorney's fees.

WHEREFORE, Plaintiff prays for relief as follows:

    e)  For an order of judgment against Defendants, jointly and severally;

f) For an order awarding Plaintiff (i) damages, (ii) attorney's fees, (iii) costs, and (iv) interest at the maximum rate allowable by law from the date the obligation became due and payable to Plaintiff until fully paid; and

g) For an order requiring Direct Line to disgorge any funds it received from Premier;

h) for such other and further relief as the Court may deem just and proper.

## <u>SIXTH CAUSE OF ACTION</u>

**(For Conversion Against Premier, Vogel, and Filpi)**

82.    Plaintiff realleges and incorporates by reference paragraphs 1 through 37, inclusive, of this Complaint as though fully set forth in this paragraph 82.

83.    At Premier's request, Plaintiff provided Premier with commodities the invoices for which are attached hereto and incorporated herein as <u>Exhibit D</u>.

84.    Premier accepted delivery for each shipment reflected in the invoices.

85.    However, Premier failed to pay, as follows:

c.    Premier has not paid $55,565.00 against Invoice 1030, reflecting Plaintiff's sale of Hass Avocados to Premier on October 31, 2013.

d.    Premier has not paid $1,260.00 against the Invoice 1047, reflecting Plaintiff's sale of Limes to Premier on November 4, 2013.

86.    Premier has sold the Limes and Haas Avocadoes that Plaintiff delivered to Premier, yet has failed to return to Plaintiff the funds due to Plaintiff.

87.    Premier, Vogel and Filpi have and exercise dominion and control over the funds, totaling $56,825.00, that rightfully belong to Plaintiff.

88.     Plaintiff made formal demand to Defendants on January 22, 2014, which letter is attached hereto and incorporated herein as <u>Exhibit E</u>.

89.     Defendants have refused to return the converted funds to Plaintiff.

90.     As a direct and proximate cause and result of Defendants' conversion, Plaintiff has suffered the cumulative loss of at least $56,825.00, plus interest, costs, and attorney's fees.

WHEREFORE, Plaintiff prays for relief as follows:

a)  For an order of judgment against Premier;

b)  For an order awarding damages to Plaintiff, including (i) the value of the converted property, $56,825.00, (ii) interest at the maximum rate allowable by law from the date the obligation became due and payable to Plaintiff until fully paid, (iii) attorney's fees, and (iv) costs incurred in collections and in bringing this action; and

c)  for such other and further relief as the Court may deem just and proper.

Dated: March 26, 2014                    Respectfully submitted,

                                         <u>s/  Robert John McCaffery Jr.</u>

                                         **Robert John McCaffery Jr.**
                                         COMPRES & MCCAFFERY, P.A.
                                         1090 Kane Concourse, Suite 206
                                         Bay Harbor Islands, Florida 33154
                                         Telephone: (305) 607-2717
                                         FAX: (884) 332-3957
                                         E-mail: rjm@compreslaw.com
                                         Attorney for Plaintiff Import Fresh Direct