**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-0877-WJM-MJW

IMPORT FRESH DIRECT, LLC,

      Plaintiff,

v.

PREMIER TRADING, LLC, d/b/a ALLIANCE WHOLESALE,
DIRECT LINE TRANSPORTATION, LLC,
WILLIAM VOGEL, and
ANTHONY FILPI,

      Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING
ORDER AND SETTING HEARING ON PRELIMINARY INJUNCTION**

---

Plaintiff Import Fresh Direct, LLC ("Plaintiff") brings this action against Premier Trading, LLC, doing business as Alliance Wholesale ("Premier"), Direct Line Transportation, LLC ("Direct Line"), William Vogel, and Anthony Filpi (collectively "Defendants") alleging violations of various provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499 *et seq.*, as well as claims for breach of contract, unjust enrichment, theft, and conversion.  (ECF No. 1.)  Contemporaneous with the filing of the Complaint, Plaintiff filed a Motion for Ex Parte Temporary Restraining Order and for Preliminary Injunction ("Motion").  (ECF No. 5.)  For the reasons set forth below, the Motion is granted.

## I.  BACKGROUND

Plaintiff is an Indiana company that sells and ships wholesale quantities of

perishable agricultural commodities.  (Compl. (ECF No. 1) ¶ 3.)  Defendant Premier is a

Colorado company that is licensed to act as a dealer of perishable agricultural

commodities, and Defendant Direct Line is a transportation company that shares

Premier's office space, telephone lines, and employees, and allegedly comingles

assets with Premier.  (*Id*. ¶¶ 4-5.)  Vogel and Filpi are officers and directors of both

Premier and Direct Line.  (*Id*. ¶¶ 4, 6-7.)

Between October 14, 2013 and November 4, 2013, Plaintiff sold Premier fresh

produce worth $158,628.50.  (*Id*. ¶¶ 12-14.)  Of that amount, several payments were

late, and $56,825.00 remains unpaid.  (*Id*. ¶¶ 21-23.)  Each of the outstanding invoices

sent by Plaintiff to Defendants contained the following language:

> "WE SHIP F.O.B. GOOD DELIVERY STANDARDS"
> P.A.C.A. TRUST APPLY  The Perishable Agricultural
> Commodities listed on this invoice are sold subject to the
> statutory trust authorized by section 5(C) of the Perishable
> Agricultural Commodities Act, 1930 (7 U.S.C. 499E(C)).  The
> Seller of these Commodities retains a trust claim over these
> commodities.  All inventories of food or other products
> delivered from these commodities, and any receivables or
> proceeds from the sale of these commodities until full
> payment is received.

(ECF No. 1-4 at 2-10.)

Plaintiff contacted Defendants numerous times between October 2013 and

January 2014 to collect payment but was unsuccessful.  (Roberts Decl. (ECF No. 7) ¶¶

33-40; Kislin Decl. (ECF No. 8) ¶¶ 37-42.)  In December 2013, Defendant Vogel—who

Plaintiff understood to be the individual who could authorize payment on behalf of

Premier—stated that Premier did not have the funds to pay Plaintiff, and was waiting for

funds to come in from other sources to make the payments.  (Roberts Decl. ¶ 37; Kislin

Decl. ¶ 41.)  However, since these statements were made, Plaintiff has been unable to

contact Vogel, and has received no response to a demand letter sent on January 22,

2013.  (Roberts Dec. ¶¶ 39-40.)

## II.  ANALYSIS

### A.    Entitlement to Injunctive Relief

To prevail on a motion for injunctive relief, the movant must establish that four

equitable factors weigh in his favor: (1) he is substantially likely to succeed on the

merits; (2) he will suffer irreparable injury if the injunction is denied; (3) his threatened

injury outweighs the injury the opposing party will suffer under the injunction; and (4) the

injunction would not be adverse to the public interest.  *See Westar Energy, Inc. v. Lake*,

552 F.3d 1215, 1224 (10th Cir. 2009).  "[B]ecause a preliminary injunction is an

extraordinary remedy, the right to relief must be clear and unequivocal."  *Greater*

*Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

The Court finds that Plaintiff has satisfied each of these four prongs with respect

to its PACA claims.  First, federal regulations provide that payment for perishable

agricultural commodities is due no later than 30 days after delivery.  *See* 7 C.F.R. §

46.2(aa).  Plaintiff has submitted invoices showing that it delivered produce to

Defendants in October and November of 2013 but has yet to be paid in full for two

invoices due November 16, 2013.  (ECF No. 1-4; Roberts Decl. ¶¶ 31-32.)  Plaintiff has

submitted sworn statements by its Managing Director and Senior Vice President of

Sales stating that it has attempted to collect these debts in vain, and that Defendant

Vogel, whose authorization is required for payment, has ceased communication.

(Roberts Decl. ¶¶ 33-40; Kislin Decl. ¶¶ 39-42.)  On this record, the Court finds that

Plaintiff has shown a substantial likelihood of success on the merits of its PACA claims.

Although purely monetary loss is not typically found to be an irreparable injury,

dissipation of PACA's statutory trust is an exception to this rule.  *See Frio Ice v.*

*Sunfruit, Inc.*, 918 F.2d 154, 159 (11th Cir. 1990); *Cont'l Fruit Co. v. Thomas J. Garziolis*

*& Co.*, 774 F.Supp. 449, 453 (N.D. Ill. 1991) (stating that an argument that only

monetary damages were at stake in an action to enjoin trust dissipation might be

persuasive in the absence of the PACA statute).  Because it is well accepted that once

the trust is dissipated it is almost impossible for a beneficiary to obtain recovery, courts

have held that dissipation of a PACA trust's assets constitutes irreparable injury.  *Id.*;

*Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 139 (3d Cir. 2000)

("Thus, the prevention of trust dissipation becomes essential to any meaningful remedy

at all.").  Plaintiff here has submitted evidence showing that Defendants have admitted

they lacked the funds to pay Plaintiff, have since ceased communication, and have

likely already dissipated trust assets.  (Roberts Decl. ¶¶ 35, 37 (citing communications

from Defendants that Premier was attempting to use income from Direct Line to repay

PACA trust assets).  Moreover, given Vogel's statement that Premier lacked the funds

4

to pay Plaintiff, it is likely that recovery of the trust assets from Defendants will be difficult, if not impossible, if further dissipation occurs.  (*Id*. ¶ 35, 37.)  Therefore, the Court finds that Plaintiff has shown that it is likely to suffer irreparable injury if injunctive relief is not granted.

With respect to harm to the Defendants, PACA provides that buyers of produce are required to hold proceeds from the sale of such produce in trust for the benefit of the sellers.  *See* 7 U.S.C. § 499e(c)(2).  This is meant to ensure that sellers are paid in full from the proceeds derived from the re-sale of the produce.  Under the statute, the trust is formed at the moment the produce is shipped to the buyer and remains in effect until the seller is paid in full.  *See* 7 C.F.R. § 46.46(c)(1).  The evidence shows that Plaintiff delivered perishable commodities to Defendants worth $56,825.00 and has not received its trust proceeds for this exchange.  (Roberts Decl. ¶¶ 31-32.)  Because Defendants have a legal obligation to pay the trust assets to Plaintiff, they will not suffer harm if the Court orders them to fulfill this obligation.  *See Tanimura*, 222 F.3d at 140. Accordingly, the Court finds that Plaintiff has satisfied the third prong of the test for injunctive relief.

Public interest also weighs in favor of granting an injunction.  The underlying purpose of PACA's statutory trust provision is to protect perishable commodity producers such as Plaintiff in situations precisely like this.  *See* 7 U.S.C. § 499e(c)(1) ("This subsection is intended to remedy such burden on commerce in perishable agricultural commodities and to protect the public interest.").  In passing the statutory

5

trust provisions, Congress explicitly noted that reducing the burden on commerce associated with production of perishable commodities was in the public interest. *Id*. Thus, the Court has little trouble finding that issuance of injunctive relief in this case is in the public interest.

Therefore, the Court finds that Plaintiff has met its burden with respect to all four factors and are entitled to injunctive relief on its PACA claims.

**B.     Issuance of Relief Without Notice to Defendants**

A temporary restraining order, such as that requested here, may be issued without notice to the adverse party or its counsel only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1); *see also* D.C.COLO.LCivR 65.1(A).  Where a plaintiff seeks such relief without notice to the adverse party, he should be able to show that notice would result in immediate, irreparable harm such that notice would "render fruitless the further prosecution of the action." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

Here, Plaintiff has submitted an attorney certification which states that it has not attempted to provide notice to Defendants.  (ECF No. 3-2.)  Instead, Plaintiff contends that notice should not be provided, because "[i]f notice is given, Defendants will have an opportunity to further dissipate trust assets that are required by statute to be held for

the benefit of Plaintiff, a PACA trust creditor of the Defendants." (*Id.* ¶¶ 5-6.)  Given the evidence regarding Defendants' refusal and inability to pay, and the clear law with respect to the impossibility of recovering trust assets after the trust has been dissipated, the Court finds that Plaintiff has satisfied Rule 65(b)(1) and that it has shown that notice is not required in this case.  *See*, *e.g.*, *S. Katzman Produce, Inc. v. Depiero's Farm, Inc.*, No. 12-1384 (ES), 2012 WL 764235, at *2 (D.N.J. March 7, 2012) (granting TRO without notice to Defendants); *Batth v. Market 52, Inc.*, No. 1:11-cv-1806-AWI-SKO, 2011 WL 5240439, at *2 (E.D. Cal. Nov. 1, 2011) (same); *C&C Carriage Mushroom Co. v. Greenwood Choice, Inc.*, No. 10-62116-CIV, 2011 WL 5059557, at *1 (S.D. Fla. Nov. 24, 2010) (same).

## C.      Amount of Enjoined Funds

The sole remaining issue is the amount of funds to be enjoined.  Plaintiff asserts that Premier owes $56,825.00 in unpaid invoices, $4,230.89 in unpaid interest, and no less than $7,000 in attorney's fees, costs and expenses.  (ECF No. 5 at 14.)  However, Plaintiff moves for a Temporary Restraining Order not only on these funds, which total $68,055.89, but in the amount of $170,475.00.  (*Id.*)  This larger amount, which is reached by tripling the amount of unpaid invoices, is based on Plaintiff's claim for theft under Colorado Revised Statute § 18-4-405, which permits an award of triple damages.  (*Id.*)  The above analysis regarding the four factors for injunctive relief was conducted with reference to the PACA trust assets themselves, which can include interest and the expenses incurred in a collection action.  However, the same reasoning does not apply

to the triple damages award that Plaintiff claims.  At a minimum, there is significant

potential harm to Defendants in being ordered to pay not only the trust assets already

owed to Plaintiff, but nearly three times that amount in additional damages as a penalty

to which Plaintiff has not yet shown its entitlement.  Furthermore, Plaintiff has neither

argued in its Motion nor provided any support for a finding that it has a substantial

likelihood of success on the merits of its theft claim.  (*See* ECF No. 5.)  Thus, Plaintiff

has not established that the four factors for injunctive relief are met with respect to the

triple damages award.  *See Westar Energy*, 552 F.3d at 1224.

Accordingly, the subject of the instant Temporary Restraining Order shall be

$68,055.89, the demonstrated quantity of PACA trust assets at issue.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Ex Parte Temporary

Restraining Order and for Preliminary Injunction (ECF No. 5) is GRANTED insofar as it

seeks a temporary restraining order and asks that the Court set a hearing on a

preliminary injunction.  The Court therefore ORDERS as follows:

1.     Defendants Premier Trading, LLC, d/b/a Alliance Wholesale, Direct Line

       Transportation, LLC, William Vogel, Anthony Filpi, and their officers, agents,

       servants, employees, attorneys, and financial institutions, are all hereby

       restrained from dissipating and/or disbursing any and all trust funds, monies,

       and/or liquidated interests of any type whatsoever now in their possession or

       under their control that are generated by or resulting from the sale of perishable

8

agricultural commodities, as well as any and all trust funds and/or monies hereafter received, except for payment in full to Plaintiff's counsel or into escrow, until compliance with ¶ 2, below.

2.      Within five business days of this Order, Defendants shall pay Plaintiff's counsel or, should a bona fide defense exist, deposit into an interest bearing escrow account with a federally-insured financial institution, the amount of $68,055.89. No withdrawals from this account shall be made without Court approval, except for payment to Plaintiff's counsel.

3.      On or before April 7, 2014, Defendants shall serve this Order upon any and all financial institutions with which they have a relationship, or parties who may be holding assets of the PACA trust.

4.      On or before April 7, 2014, Defendants shall provide Plaintiff's counsel and this Court with a verified and detailed accounting of business operations, including records concerning Defendants' assets, bank accounts, accounts receivable, accounts payable, including a list of all PACA Trust Creditors, operating expenses, salary and payroll records, and sales.

5.      A hearing on Plaintiff's Motion for Preliminary Injunction shall be held on **April 8, 2014** at **4:15 p.m.**, Courtroom A801 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294, at which time Defendants shall appear and show cause as to why Plaintiff's request for preliminary injunction should not be granted.

6.    The $68,055.89 in PACA trust assets belonging to Plaintiff and in the possession of Defendants shall serve as Plaintiff's security for purposes of Fed. R. Civ. P. 65(c).  No additional security need be provided.

7.    Plaintiff shall serve a copy of all documents filed in this case, including the Complaint, Motion for Ex Parte Temporary Restraining Order and for Preliminary Injunction, and this Order upon Defendants by hand delivery and electronic mail (to the extent practicable) on or before March 31, 2014.

8.    This Order shall remain in full force and effect for fourteen days from the date of entry or until further Order of Court.

Dated this 27th day of March, 2014.

BY THE COURT:

William J. Martínez
United States District Judge